UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 2:12-cv-207 |
| | ) | *Collier / Lee* |
| CARE CENTERS MANAGEMENT CONSULTING, INC., and CHRISTIAN CARE CENTER OF JOHNSON CITY, INC., | ) ) ) ) | |
| *Defendants*. | ) | |

### MEMORANDUM AND ORDER

Defendants Care Centers Management Consulting, Inc. ("CCMC") and Christian Care Center of Johnson City, Inc. ("Christian Care") (collectively "Defendants") filed a motion to compel the "identity of claimant" in the complaint or, in the alternative, to dismiss the complaint [Doc. 14]. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed a response and memorandum opposing the motion [Docs. 16 & 17]. Defendants filed a reply [Doc. 18], and the motion is now ripe.

**I.   BACKGROUND**

On May 16, 2012, Plaintiff filed a complaint [Doc. 1] alleging Defendants violated federal employment laws[1] when they discharged a qualified person with a disability–i.e., the claimant named pseudonymously in the complaint as Jane/John Doe ("Doe")–because he or she tested positive for the human immunodeficiency virus ("HIV"). Plaintiff alleges that it brings this enforcement action to correct unlawful employment practices and to provide appropriate relief to

---

[1] Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991.

Doe.

On July 19, 2012, CCMC filed a motion to dismiss or, in the alternative, for summary judgment on the ground that it was not Doe's employer [Docs. 6 & 7]. On August 13, 2012, Plaintiff filed a response in opposition to CCMC's motion to dismiss and attached exhibits from its investigative file that, as relevant here, identified Doe by name on three pages [Doc. 11-2; Doc. 17]. On August 27, 2012, Defendants filed the instant motion. Two days later, on August 29, 2012, Plaintiff submitted redacted exhibits to the clerk of court. It appears several of the formerly unredacted exhibits that identified Doe by his or her true name are no longer available on the electronic public record [*see* Doc. 11]. However, in addition to complaining about their lack of notice concerning the redaction and re-filing of the exhibits, Defendants' reply notes the inept job performed by the EEOC in redacting the refiled, redacted exhibits because the identity of Doe continues to be revealed in the allegedly redacted exhibits [*see* Doc. 11-4 PageID#: 200].

The reply makes clear Defendants are seeking an order to require amendment of the complaint to publicly identify Doe or dismissal of the complaint.

**II.    ANALYSIS**

Defendants argue Doe must be identified pursuant to Federal Rule of Civil Procedure 10(a) and cannot proceed as an unnamed plaintiff without permission. Defendants also argue Doe should not be allowed to proceed unnamed because the circumstances that might warrant an exception to identification of a plaintiff under Rule 10(a) do not apply. Specifically, Defendants contend any need for anonymity does not substantially outweigh the strong presumption that parties' identities are public information. Defendants also argue there is no risk of unfairness to Doe because having HIV is no longer a matter of utmost intimacy. To support this argument, Defendants point to

2

Case 2:12-cv-00207   Document 19   Filed 09/18/12   Page 2 of 6   PageID #: 227

Plaintiff's filing of the unredacted exhibits (twice) and Doe's revelation of his or her HIV status to several co-workers.

In response, Plaintiff contends an enforcement action, such as this, may properly proceed utilizing a pseudonym for the claimant, which it refers to as the "aggrieved party." Plaintiff contends the EEOC is the rightful party-plaintiff in this enforcement action (and thus the party which must comply with Rule 10(a)), not Doe. Plaintiff notes it corrected the mistaken disclosure of Doe's name in the exhibits by filing redacted exhibits and argues that its inadvertent filing and Doe's revelation of his or her medical status to a few co-workers does not warrant revealing Doe's HIV status in widely available, electronically-filed documents in a public record. Plaintiff contends Defendants know the identity of Doe and have all of the information they need to defend this matter.

In their reply, Defendants acknowledge the EEOC is the party-plaintiff in this lawsuit, but they argue that without a charging party such as Doe, the EEOC is powerless to bring a lawsuit. Defendants argue the EEOC has–in an unrelated case decided in 1998–revealed the name of an HIV positive former employee. Defendants also contend the EEOC has not properly guarded Doe's identity based on the EEOC's "unconcerned" or "grossly negligent" attempts at redaction.

As argued by Plaintiff, when the EEOC brings a lawsuit, it does so in its own name, not as a proxy for the person who filed the original charge or any other persons for whom it seeks relief. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297-98 (2002) (noting EEOC is not a proxy for the employee); *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 326-29, 331 (1980) (permits EEOC to seek class-wide relief without certifying the action under Fed. R. Civ. P. 23 in EEOC actions brought in its own name). As held by the Supreme Court,

> [T]he EEOC is in command of the process. The EEOC has exclusive jurisdiction over the claim for 180 days. During that time, the

> employee must obtain a right-to-sue letter from the agency before prosecuting the claim. If, however, the EEOC files suit on its own, the employee has no independent cause of action, although the employee may intervene in the EEOC's suit. In fact, the EEOC takes the position that it may pursue a claim on the employee's behalf even after the employee has disavowed any desire to seek relief. The statute clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake.

*Waffle House*, 534 U.S. at 291 (citations to statute and record omitted).

The cases relied upon by the parties do not squarely address whether Doe must be named in the complaint under Rule 10(a) in this enforcement action where individual relief is also sought for Doe. On the one hand, Plaintiff relies on cases concerning enforcement actions filed by the EEOC in which the charging former employee, the aggrieved party, was pseudonymously named, such as *EEOC v. P.A.M. Transport, Inc.*, No. 09-CV-13851, 2011 WL 3919004, at *1 (E.D. Mich. Sept. 7, 2011), *EEOC & John Doe v. Ford Motor Credit Co.*, 531 F. Supp. 2d 930, 932 (M.D. Tenn. 2008), and *EEOC v. Teamsters Local 804*, No. 04 Civ. 2409LTS, 2004 WL 2496080, at *1 (S.D.N.Y. Nov. 4, 2004). Although the Plaintiff argues the court "allowed" the former employee to proceed under a pseudonym in each of these cases, none of the cited decisions reflect that the court actually considered the issue. Instead, in ruling on a dispositive motion in each case, the court recites that the EEOC brought the action on behalf of an HIV positive former employee of the defendant under a pseudonym.

On the other hand, Defendants cite to a case that does not involve an enforcement action by the EEOC, but is instead a direct action by the employee against his former employer, *Doe v. Pentax of Am., Inc.*, No. 6:12-cv-1171-Orl-31GJK, 2012 WL 3128968 (M.D. Fla. Aug. 1, 2012). In *Pentax*, the court denied plaintiff's motion to proceed anonymously in his unlawful termination claim against

4

his former employers finding that even assuming a plaintiff's status as HIV positive was of the utmost intimacy,[2] the plaintiff had "not shown that such a stigma still exists or that he is likely to face any harm as a result of being named in this suit. It is not enough to merely suggest that a party may 'suffer some personal embarrassment.'" *Id.* at *1 (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) and *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Defendants also claim the EEOC has revealed the name of an HIV positive former employee in another enforcement action, citing *EEOC v. Prevo's Family Market, Inc.*, 135 F.3d 1089, 1090 (6th Cir. 1998). Neither of these cases addresses the issue of requiring the EEOC to name the anonymous former employee in the complaint pursuant to Rule 10(a).

I **CONCLUDE** the EEOC, not Doe, is the party-plaintiff properly subject to Rule 10(a) in this enforcement action. *See Waffle House*, 534 U.S. at 291-92. If Doe intervenes in this action, he may become subject to the requirements of Rule 10(a), but at this time he has not moved to intervene. Accordingly, Defendants' motion to compel identification of Doe in the complaint pursuant to Rule 10(a) is misplaced.

---

[2] Although Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties," the United States Court of Appeals for the Sixth Circuit has held that courts may excuse a plaintiff from identifying himself where the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004). Allowing a party to proceed pseudonymously is the exception, not the rule. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). To be allowed to proceed anonymously, the plaintiff must show the need for proceeding pseudonymously substantially outweighs the general presumption that a party's identity is public information and must also show the need for privacy substantially outweighs the risk of unfairness to the opposing party. *Endangered v. Louisville/Jefferson Cnty. Metro Gov't Dep't of Inspections*, No. 3:06CV-250-S, 2007 WL 509695, at *1 (W.D. Ky. Feb. 12, 2007) (citing *Porter*, 370 F.3d at 560). Several considerations inform whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Porter*, 370 F.3d at 560; *accord Citizens,* 123 F. App'x at 636. As Doe is not a plaintiff in this action, I do not reach whether his or her privacy interests substantially outweigh the presumption of open judicial proceedings.

5

It bears mention that Defendants know Doe's true identity. While the public will not know Doe's identity from a review of the complaint, the public's knowledge of the judicial proceedings will be only minimally restricted because the public will know, among other things, what is alleged to have occurred between Doe and Defendants, where and how the alleged actions took place, and how the parties investigated and responded to the alleged actions. Neither party has contended there is anything about the status of any of the parties or Doe that would heighten any public interest in this case beyond the normal public interest in judicial proceedings. Thus, it appears that allowing Doe to be named pseudonymously in the complaint will not obstruct the public's interest in this case in any significant way. Likewise, Plaintiff's use of a pseudonym for Doe in the complaint does not appear to cause any actual prejudice to Defendants. For example, Defendants have not identified how their ability to conduct discovery, impeach Doe's credibility, or prepare for trial would be meaningfully hindered because a pseudonym has been used in the complaint.

## III. CONCLUSION

For the above reasons, Defendants' motion [Doc. 14] is **DENIED**. This order is limited to pretrial proceedings and is subject to further order of the Court.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

6